UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEOWULF ADALBERT von PRINCE,

Plaintiff,

-against-

FEDERAL RESERVE BANK,

Defendant.

22-CV-9394 (LTS)

ORDER OF DISMISSAL WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Beowulf Adalbert von Prince brings this *pro se* action, for which the filing fee has been paid, invoking the Court's federal question jurisdiction. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who currently resides in Austria, filed this 118-page complaint against the Federal Reserve Bank, invoking "1605(a)(4) [because] it involves property rights in the United States acquired by inheritance," and "1605(a)(5) [because] a claim is made against a foreign state for damages for personal injury for damage, tortious act."[1] (ECF 1 ¶ I.) The events giving rise to this complaint allegedly occurred on September 1, 1939, and from 2006 through 2019, in the "Free City of Danzig, Germany/Bavaria/Coburg." (*Id.* ¶ III.) Plaintiff describes at length matters occurring in Europe before, during, and after the Second World War, refers to "Indictments 1, 2, and 3 of the Nuremburg War Crimes Trials," and states that he has been subjected to "political persecution for citizenship of the free city of Gdansk, with deprivation of liberty, bodily injury/torture and expropriation without compensation." (*Id.* ¶ III.)

Plaintiff was apparently, at various times, in custody in Belgium, Switzerland, and Germany. Due to the "inhumane detention" to which he was subjected, Plaintiff's "entire health was massively disturbed," after which the "wrong medication was administered," causing Plaintiff to suffer from ulcers, flatulence, and "pain all over the body," and rendering him unable to concentrate for longer than one or two hours per day. (*Id.* at 57-60.) Plaintiff mentions that an individual named Karin Leffer was also wanted on an arrest warrant. (*Id.* ¶ 29.)

Plaintiff appears to allege that the history of the Free City of Danzig, and his role in those events, entitles him to be declared the "disposer/owner of gold bullion stored by the Federal Republic of Germany at the Federal Reserve Bank of New York." (*Id.* at 8.) He seeks an order:

---

[1] Portions of the complaint and attachments are in German. (*Id.* at 34-56, 61-64, 92-108, 111-112.)

Confirm[ing] that the Plaintiff is the owner of the German gold reserves stored at the FED and, as confirmation of ownership, the FED shall sell and transfer to the Plaintiff's account $100,000,000 worth of gold.

(*Id.* ¶ IV.)

Plaintiff was a party to two cases filed in the United States District Court for the District of Columbia, which he claims are related to this case.[2] First, in *Leffer & Prince v. Fed. Rep. of Germany,* No. 19-CV-3529 (D.D.C. filed Dec. 9, 2019) (*Prince I*), Plaintiff and Karin Leffer filed a complaint seeking money damages against the Federal Republic of Germany, the Kingdom of Belgium, the "Swiss Confederation," and the European Union, alleging that Plaintiff is an official of the Free City of Danzig who had been falsely charged, arrested, extradited and imprisoned, and that Leffer had been subjected to political persecution. In orders dated March 26, 2021, and April 18, 2021, the D.C. district court dismissed the "nearly incomprehensible" complaint for failure to state a claim and for lack of subject matter jurisdiction; the court held that there were no facts suggesting that any of the exceptions to the Foreign Sovereign Immunities Act applied to that case, and that there was no other apparent basis for subject matter jurisdiction. *See Prince I*, No. 20-CV-3020, 2021 WL 1773355, at *2 (D.D.C. Mar. 26, 2021) (dismissing claims against Germany, Belgium, and Switzerland); 2022 WL 1598059 (D.D.C. Apr. 18, 2021) (dismissing claims against the European Union), *aff'd*, 22-7076, 2022 WL 17244766 (D.C. Cir. Nov. 28, 2022).

In the second matter, Plaintiff was named as a defendant in *Hospers v. Prince*, No. 20-CV-3020 (D.D.C. filed Oct. 13, 2020) ("*Prince II*"). In that case, Hospers asserted breach of contract claims, under the court's diversity jurisdiction, against DSM Nutritional Products

---

[2] Plaintiff also refers to a website that appears to discuss Plaintiff's view of the pandemic. *See* Verfassung.info.

("DSM"), Plaintiff (Prince), and "the Swiss Confederation, represented by Swiss Post Solutions, Inc., a Washington D.C. Corp." No. 20-CV-3020, ECF 1 at 1. It appears that Hospers retained Plaintiff to represent her in an arbitration with DSM, and claimed that Plaintiff "owe[d] [her] success."[3] Doc. 1 ¶¶ 8-9. The court dismissed the complaint for lack of subject matter jurisdiction. *Prince II*, 2021 WL 6844902, at *1 (D.D.C. Dec. 21, 2021), *aff'd* (D.C. Cir. Nov. 28, 2022), *rehearing denied* (D.C. Cir. Jan. 24, 2023).

## DISCUSSION

### A.     Foreign Sovereign Immunities Act

In the complaint, Plaintiff invokes the court's federal question jurisdiction, and cites to "1605(a)(4) – it involves property rights in the United States acquired by inheritance," and "1605(a)(5) – a claim is made against a foreign state for damages for personal injury for damage, tortious act," apparent references to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq*. The FSIA "is the exclusive source of subject matter jurisdiction in suits brought against a foreign state." *Matar v. Dichter*, 500 F. Supp. 2d 284, 288 (S.D.N.Y. 2007); *see also Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993) ("The Foreign Sovereign Immunities Act 'provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country.'") (quoting *Argentine Republic v. Amareda Hess Shipping Corp.*, 488 U.S. 428, 443 (1989)).

Plaintiff filed this complaint against the Federal Reserve Bank of New York, which is not a "foreign state" or an "agency or instrumentality of a foreign state." *See* 28 U.S.C. § 1603(a),

_____

[3] Plaintiff may have flagged *Prince II* as related to this matter because, in his answer to the earlier complaint, Plaintiff asserted that Germany was a necessary party to the matter because it had committed crimes "under the Nuremburg War Crimes Indictment No. 1 and No. 2." No. 20-CV-3020, Doc. 4 ¶ 7.

(b); *Clay v. Myers*, No. 12-CV-1535, 2012 WL 1458207, at *2 (E.D.N.Y. 2012) (noting that the Federal Reserve Bank is "a corporate entity of the United States that derives its powers from, and is chartered pursuant to, the Federal Reserve Act.") (citing *Scott v. Fed. Reserve Bank of New York,* 704 F. Supp. 441, 446 (S.D.N.Y. 1989)). Thus, the FSIA does not provide a basis for Plaintiff's claims against the Federal Reserve Bank.[4]

## B.   Alien Tort Statute

The only other federal statute arguably suggested by the facts in the complaint is the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"). Under the ATS, the Court may exercise jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." In *Kiobel v. Royal Dutch Petroleum Co.*, however, the Supreme Court clarified that the ATS does not apply to claims where the alleged "violation of the law of nations occur[red] outside of the United States." 569 U.S. 108, 118 (2013) (holding that the "presumption against extraterritoriality applies to claims under the ATS, and that nothing in the statute rebuts that presumption"). "[I]f all the relevant conduct occurred abroad, that is simply the end of the matter under *Kiobel*." *Balintulo v. Daimler AG*, 727 F.3d 174, 190 (2d Cir. 2013); *see also Chowdhury v. Worldtel Bangladesh Holding Ltd.*, 746 F.3d 42, 49-50 (2d Cir. 2014) (plaintiff's claim brought under the ATS barred by *Kiobel* because all the relevant conduct set forth in the complaint occurred in Bangladesh).

Because the allegedly tortious conduct at issue in this matter occurred in several different countries in Europe, this Court lacks jurisdiction to hear any claims Plaintiff may seek to bring under the ATS. *See id*. Plaintiff's ATS claims are therefore dismissed.

---

[4] As noted, Plaintiff's complaint in *Prince I* for money damages against Germany, Belgium, Switzerland, and the European Union in connection with the events giving rise to this complaint was dismissed on the merits.

**LEAVE TO REPLEAD**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff leave to file an amended complaint, should he wish to do so, to assert a viable claim against the Federal Reserve Bank.

**CONCLUSION**

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to replead his claims against the Federal Reserve Bank. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-9394 (LTS). If Plaintiff does not file an amended complaint within the time allowed, or cannot show good cause as to why to excuse such failure, the Court will enter judgment dismissing the complaint for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 13,2023
          New York, New York

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                         Chief United States District Judge

7