UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEOWOLF VON PRINCE,<br><br>                  Plaintiff,<br><br>-against-<br><br>FEDERAL RESERVE BANK OF NEW YORK,<br><br>                  Defendant. | 22-CV-9394 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently resides in Austria, filed this complaint *pro se* and *in forma pauperis* (IFP). By order dated March 13, 2023, the Court dismissed the complaint for failure to state a claim, but granted Plaintiff 30 days leave to replead his claims. Plaintiff filed an amended complaint on May 5, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND AND DISCUSSION

The Court assumes familiarity with the March 13, 2023, order of dismissal with leave to replead, which detailed Plaintiff's allegations, and therefore summarizes Plaintiff's allegations here only briefly. (ECF 4). Plaintiff filed the original complaint under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602 *et seq.*, against the Federal Reserve Bank ("FRB"), and seeking to be declared the "disposer/owner of gold bullion stored by the Federal Republic of Germany." (ECF 1 at 8.) According to Plaintiff, the Second World War began with the invasion of the "Free City of Danzig," and he is entitled to the bullion because of his role in events beginning in 1939, and continuing up until the present time. Plaintiff further alleged that he had been incarcerated and subjected to inhumane conditions in several European countries, and that an individual named Karin Leffer was also wanted on an arrest warrant. (*Id.* ¶ 29.)

In the original complaint, Plaintiff references two cases from the District of Columbia that he claims are related to this one, one of which is *Leffer & Prince v. Fed. Rep. of Germany*, No. 19-CV-3529 (D.D.C. filed Dec. 9, 2019) ("*Prince I*"). In *Prince I*, Plaintiff and Karin Leffer sought money damages against the Federal Republic of Germany, the Kingdom of Belgium, the "Swiss Confederation," and the European Union, alleging that Plaintiff is an official of the Free City of Danzig who had been falsely charged, arrested, extradited and imprisoned, and that Leffer had been subjected to political persecution. In orders dated March 26, 2021, and April 18, 2021, the United States District Court for the District of Columbia dismissed the "nearly incomprehensible" complaint for failure to state a claim and for lack of subject matter jurisdiction. held that there were no facts suggesting that any of the exceptions to the FSIA applied, and found no other apparent basis for subject matter jurisdiction. *See Prince I*, No. 20-CV-3020, 2021 WL 1773355, at *2 (D.D.C. Mar. 26, 2021) (dismissing claims against Germany, Belgium, and Switzerland); 2022 WL 1598059 (D.D.C. Apr. 18, 2021) (dismissing claims against the European Union), *aff'd*, 22-7076, 2022 WL 17244766 (D.C. Cir. Nov. 28, 2022).[1]

In the March 13, 2023, order, this Court dismissed Plaintiff's FSIA claim because the FRB does not qualify as a "foreign state" or an "agency or instrumentality of a foreign state." *See* Section 1603(a). The Court also construed the complaint as arguably implicating the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS"), but dismissed that claim as well, because the events giving rise to this complaint allegedly occurred abroad. *See Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 118 (2013). The Court granted Plaintiff 30 days' leave to replead his claims.

---

[1] In the second matter, Plaintiff was named as a defendant, *see Hospers v. Prince*, No. 20-CV-3020, 2021 WL 6844902, at *1 (D.D.C. Dec. 21, 2021) (dismissing complaint for lack of subject matter jurisdiction), *aff'd* (D.C. Cir. Nov. 28, 2022), *reh'g denied* (D.C. Cir. Jan. 24, 2023) ("*Prince II*"). The Court could not discern any obvious relationship between *Prince II* and this case.

Plaintiff has filed an amended complaint, but the allegations therein are substantially similar to those set forth in the original pleading, and therefore are deficient for the reasons set forth in the March 30, 2023 order. Plaintiff asserts that the District of Columbia court "ruled" in *Prince I* that Plaintiff should "ha[ve] jurisdiction" of the asset at issue, (ECF 5 at 25), but, in fact, that court dismissed the complaint as "nearly incomprehensible," for failure to state a claim, and for lack of subject matter jurisdiction.

Plaintiff invokes for the first time 28 U.S.C. § 3203, under which a litigant may request a writ of execution of property after a final judgment has been "properly registered." *See, e.g.*, *Angela Vigier v. Swanson*, No. 16-MC-022, 2016 WL 3924406, at *2 (N.D.N.Y. May 12, 2016). Plaintiff has not obtained a final judgment in this or any other district, or registered a final judgment in this district, and thus he is not entitled to a writ of execution.

## FURTHER LEAVE TO AMEND DENIED AND WARNING

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

Moreover, in light of the District of Columbia court's decision issued in *Prince I,* this Court finds that Plaintiff was or should have been aware that his FSIA and other claims, arising out of the events discussed in this complaint, lack merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)." Plaintiff is thus warned that further duplicative or frivolous litigation in this court will result in an order directing Plaintiff to show cause why he

should not be barred from filing new actions IFP in this court without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

4